In re NATIONAL LIQUIDATORS,
INC., Debtor.

Thomas R. Noland, Chapter
11 Trustee, Plaintiff,

v.

Stella Hunter, et al., Defendants.

Bankruptcy No. 93–56266.
Adversary No. 96–119.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 8, 1999.

Robert B. Berner, Arter & Hadden
LLP, Dayton, OH, for Plaintiff.

Kenneth J. Freeman, Cleveland, OH, for
Defendant.

Alexander G. Barkan, Assistant United
States Trustee, Columbus, OH.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CHARLES M. CALDWELL, Bankruptcy Judge.

On October 13, 1993, an involuntary petition for relief was filed on behalf of National Liquidators, Inc. ("Debtor"). On October 25, 1993, the Court entered a consensual order for relief. Thomas R. Noland was appointed chapter 11 case trustee on April 11, 1994. During his administration of the Debtor's bankruptcy estate, Mr. Noland concluded that the Debtor had been operating a "Ponzi Scheme." Pursuant to this scheme, the Debtor solicited funds from individual investors, informing these investors that they would receive an extraordinary return on their initial investment. The early investors were paid back with funds not from a legitimate, underlying business venture, but with funds received from subsequent investors. Beginning by at least September 1, 1991, the Debtor lacked sufficient assets to repay amounts owed to its investors. Mr. Noland has commenced litigation against the investors, aimed at recovering funds paid to them, with the ultimate goal of providing a distribution to all of the Debtor's creditors.

On March 25, 1996, Mr. Noland (the "Plaintiff") initiated this adversary proceeding against investor Stella Hunter (the "Defendant"). The Plaintiff's Complaint asserted fourteen (14) causes of action. On April 15, 1996, the Defendant filed a handwritten response to the Plaintiff's Complaint, which has been docketed as an Answer.[1]

The Plaintiff moves for partial summary judgment pursuant to Fed.R.Civ.P. 56, which applies in bankruptcy court adversary proceedings pursuant to Fed. R.Bankr.P. 7056. Fed.R.Civ.P. 56(c) provides, in pertinent part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a movant has brought forth evidence in support of his or her assertion that no issues are available for determination by the trier of fact, the party opposing the motion must demonstrate that genuine issues of material fact exist. *Potter's Med. Center v. City Hosp. Ass'n,* 800 F.2d 568 (6th Cir.1986). In considering any motion for summary judgment, the Court is required to construe the facts in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Fed.R.Civ.P. 56(d) permits the Court to grant partial summary judgment, disposing of some, but not all, of the outstanding issues. *See also In re Taubman,* 160 B.R. 964, 975 (Bankr.S.D.Ohio 1993).

In his Motion for Partial Summary Judgment, the Plaintiff seeks recovery of

---

1. The Plaintiff's causes of action/demands for relief, as well as their statutory bases, are as follows: (1) preferential transfers, 11 U.S.C. § 547(b); (2) fraudulent transfers, 11 U.S.C. § 548(a)(1); (3) fraudulent transfers, 11 U.S.C. § 548(a)(2); (4) fraudulent transfers, Ohio Rev.Code § 1336.04(A)(1) and 11 U.S.C. § 544(b); (5) fraudulent transfers, Ohio Rev. Code § 1336.04(A)(2) and 11 U.S.C. § 544(b); (6) fraudulent transfers, Ohio Rev.Code § 1336.05(A) and 11 U.S.C. § 544(b); (7) fraudulent transfers, Ohio Rev.Code § 1336.05(B) and 11 U.S.C. § 544(b); (8) equitable impression of a trust on Defendant's assets, 11 U.S.C. § 105(a); (9) unjust enrich- ment, 11 U.S.C. § 105(a); (10) turnover of property of the bankruptcy estate or recovery of its value, 11 U.S.C. §§ 542(a) and 550; (11) disallowance of Defendant's claim(s) against the bankruptcy estate, 11 U.S.C. §§ 105(a) and 502(b), (d) and (j); (12) equitable subordination of Defendant's claim(s) against the bankruptcy estate, 11 U.S.C. §§ 105(a) and 510(c); (13) demand for order preserving any transfer avoided pursuant to any theory advanced in the complaint, 11 U.S.C. § 551; (14) recovery of any transfer avoided pursuant to any theory advanced in the complaint, 11 U.S.C. § 550(a).

$3,528.00, which constitutes the difference between the payments received by the Defendant from the Debtor ($10,780.00) and the Defendant's investments in the Debtor's Ponzi Scheme ($7,252.00). The Plaintiff characterizes the amount he seeks to recover as a "false profit," and states that he can recover this false profit pursuant to his second, third, fourth, and/or fifth causes of action.

█ Although the Plaintiff asserts a demand for summary judgment on his second, third, fourth and fifth causes of action, he has briefed only his argument in favor of summary judgment on his second cause of action, raised pursuant to 11 U.S.C. § 548(a)(1). Section 548(a) provides that:

> the trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation incurred, indebted.

In order to prevail on this cause of action, the Plaintiff must prove that the debtor: (1) transferred an interest in property; (2) on or within one year prior to the filing of the petition for relief; and (3) made the transfer with actual intent to defraud any entity to which the Debtor was or later became indebted. *Taubman*, 160 B.R. at 983.

Finally, the Plaintiff argues that, assuming his Motion for Partial Summary Judgment is granted, he is entitled to interest on his judgment, calculated from the date upon which the Complaint was filed, March 25, 1996. According to the Plaintiff, he is entitled to prejudgment interest based upon this Court's order granting partial summary judgment in *Noland,*

*Trustee v. Carl and Parma Morefield* (*In re National Liquidators, Inc.*), Adversary Proceeding No. 95–0557.

### 11 U.S.C. § 548(a)(1)

**(1) transfer of an interest of the Debtor in property**

It is undisputed that the Defendant received a payment in the amount of $8,820.00 from the Debtor on or about March 18, 1993. The Plaintiff also asserts that the Defendant received a payment of $1,960.00 on March 3, 1993. The Defendant has made no mention of this second payment, neither admitting nor denying its existence. Because the Defendant has not offered evidence which puts the issue of whether she received a $1,960.00 payment from the Debtor in dispute, this Court concludes that no genuine issue of material fact exists as to whether this transfer took place. Further, the Defendant does not dispute that payments made by a Ponzi Scheme to its investors in the form of cash, a cashier's check or otherwise constitute a transfer of an interest of the Debtor in property. Therefore, no genuine issues of material fact exist as to this element of 11 U.S.C. § 548(a)(1).

**(2) made within one year of the date of the filing of the Debtor's petition for relief**

The checks made payable by the Debtor to the Defendant, copies of which are attached to the Plaintiff's Motion for Partial Summary Judgment as Exhibits 2A and 2B, are dated March 3, 1993, and March 18, 1993. The Debtor's petition for relief was filed on October 13, 1993. The Defendant has not raised a challenge to any of these dates. Therefore, the transfers made by the Debtor to the Defendant clearly were made within one year of the filing of the Debtor's bankruptcy petition.

**(3) actual intent to hinder, delay, or defraud any entity to which the Debtor was or later became indebted**

The Plaintiff asserts that this Court should find, as a matter of law, that the

Debtor intended to defraud its creditors. In support of this assertion, the Plaintiff submits that "[i]t is appropriate to find actual intent from the Debtor's active participation in a ponzi scheme." *Plaintiff's Motion for Partial Summary Judgment, Page 9, citing In re Baker & Getty Financial Services, Inc.,* 98 B.R. 300, 308 (Bankr.N.D.Ohio 1989); *see also Merrill v. Abbott (In re Independent Clearing House Co.),* 77 B.R. 843, 860 (D.Utah 1987) (noting that perpetrators of a ponzi scheme must know that their scheme will eventually collapse, causing later creditors to lose their money, and holding that such knowledge is sufficient to establish actual intent to defraud later investors/creditors); *Conroy v. Shott,* 9 Ohio Misc. 117, 363 F.2d 90, 92 (6th Cir.1966) *cert. denied,* 385 U.S. 969, 87 S.Ct. 501, 17 L.Ed.2d 433 (1966) (given the existence of a ponzi scheme, the "question of intent is not debatable"). The Defendant has offered no authority contrary to that offered by the Plaintiff.

According to the affidavit of the bankruptcy estate's accountant, Alan D. Lasko, from at least September 1, 1991, the Debtor's liabilities exceeded its assets, excluding the value of preferences, fraudulent transfers, and exemptions. From that date forward, funds received from new investors were used to pay old investors, and the Debtor never possessed funds sufficient to pay all of its obligations without infusions of cash from new investors. *Exhibit 4, Plaintiff's Motion for Partial Summary Judgment.* This is the essence of a Ponzi Scheme. Therefore, based upon the uncontroverted evidence and authority submitted by the Plaintiff, this Court concludes that, as a matter of law, the Debtor possessed actual intent to hinder, delay, and/or defraud its creditors.

### Plaintiff's Entitlement to Prejudgment Interest

■ The Plaintiff asserts that, should he prevail on his Motion for Partial Summary Judgment, he is entitled to interest on his award, calculated from the date upon which the Complaint was filed, March 25, 1996. The Defendant offers no argument contrary to the Plaintiff's assertion. Moreover, this Court has awarded prejudgment interest in a prior adversary proceeding, *Noland, Trustee v. Carl and Parma Morefield (In re National Liquidators, Inc.),* Chapter 11 Case No. 93–56266, Adversary Proceeding No. 95–0557. This Court finds that the Plaintiff is entitled to prejudgment interest.

### Applicable Defenses

### 11 U.S.C. § 548(c)

■ In her *pro se* Answer, the Defendant asserted that she made all of her investments in the Debtor's Ponzi Scheme in good faith. 11 U.S.C. § 548(c) provides, in pertinent part, that, "[e]xcept to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee . . . that takes for value and in good faith . . . may retain any interest transferred . . . to the extent that such transferee . . . gave value to the debtor in exchange for such transfer . . . ."

In order for the Defendant to avail herself of the protection afforded by § 548(c), she must prove that she received the false profit in good faith and in exchange for value. While the Defendant has alleged good faith, neither she nor her counsel has asserted that she gave value to the Debtor in exchange for the $3,528.00 that the Plaintiff seeks to recover. Moreover, and as the Plaintiff argues, "to the extent the Trustee seeks to avoid false profits § 548(c) does not provide a defense for any defendant." *Taubman,* 160 B.R. at 987. Because the Defendant has failed to bring forth evidence or authority which raises a genuine issue of material fact as to the applicability of 11 U.S.C. § 548(c), this Court concludes that § 548(c) does not preclude the entry of partial summary judgment in favor of the Plaintiff.

### Conclusion

The Plaintiff has submitted uncontroverted evidence and authority which estab-

lishes that the $3,528.00 "false profit" the Defendant received from the Debtor is recoverable by the Plaintiff pursuant to 11 U.S.C. § 548(a)(1). The Plaintiff has demonstrated that the false profit constituted an interest of the Debtor in property, that its transfer to the Defendant took place within one year of the filing of the Debtor's petition for relief, and that the Debtor made the transfer with actual intent to hinder, delay and/or defraud its creditors. Moreover, 11 U.S.C. § 548(c) does not preclude the Plaintiff from recovering the false profit, as the Defendant has not alleged that she received the false profit in exchange for value.

Accordingly, the Plaintiff's Motion for Partial Summary Judgment is **GRANTED**. The Plaintiff is awarded a judgment in the amount of $3,528.00, as well as interest to be calculated from the date upon which the Complaint was filed, March 25, 1996.

**IT IS SO ORDERED.**